**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvin Ray Yount,      Plaintiff, vs. Regent University,      Defendant. | No. CV 08-8011-PCT-DGC **ORDER** |

Plaintiff Alvin Ray Yount has filed a motion to amend his complaint. Dkt. #31. Defendant Regent University has filed a response (Dkt. #39) and Plaintiff a reply (Dkt. #40).[1] For the reasons that follow, the Court will grant the motion in part.[2]

**I.     Legal Standard.**

Rule 15(a) declares that "[t]he court should freely give leave [to amend] when justice so requires." The Ninth Circuit has noted that "Rule 15's policy of favoring amendments should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.

---

[1] The parties are reminded to comply with the font-size requirements set forth in the Court's local rules. *See* L. R. Civ. 7.1(b). The text and footnotes of the parties' papers violate these rules.

[2] Defendant's request for oral argument is denied because the parties have fully briefed the motion and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir.1999).

1987) (citation omitted).[3] A court may deny a motion to amend, however, if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing prejudice, futility, or one of the other recognized reasons for denying a motion to amend. *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**II.     Discussion.**

Plaintiff's original complaint asserts two claims – discrimination on the basis of disability and emotional distress – and seeks monetary damages. *See* Dkt. #1 at 6-7. Plaintiff contends that new evidence obtained in the course of discovery "has opened the door" for two additional causes of action – breach of contract and retaliation. Dkt. #31 at 1. The proposed amended complaint asserts these causes of action and also seeks injunctive relief. *See* Dkt. #30 at 10-12, 15-18.

Defendant argues that amending the complaint for these purposes would be futile. Dkt. #39. The Ninth Circuit has indicated that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Put another way, a motion to amend should be granted "where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982); *see Foman*, 371 U.S. at 182.

**A.     Injunctive Relief.**

The proposed amended complaint asks the Court for an "[i]njunction prohibiting Regent University from applying its 75% completion policy before granting continuances to handicapped students." Dkt. #30 at 18. Defendant contends that Plaintiff lacks standing to prospectively enjoin Defendant from enforcing this policy because Plaintiff is no longer

---

[3] Plaintiff filed his motion within 60 days of the Court's Case Management Order (Dkt. #22), as required by paragraph 2 of that order, and he therefore need not satisfy the more demanding standard of "good cause" found in Rule 16(b)(4).

- 2 -

1  a student at Defendant's institution and he does not allege that he plans to return for further
2  studies. *See* Dkt. #39 at 7-8. The Court agrees.

3  An inquiry into standing "involves both constitutional limitations on federal-court
4  jurisdiction and prudential limitations on its exercise." *Kowalski v. Tesmer*, 543 U.S. 125,
5  128 (2004) (internal quotes and citation omitted). The constitutional limitations require a
6  plaintiff to allege "(1) a threatened or actual distinct and palpable injury to [himself]; (2) a
7  fairly traceable causal connection between the alleged injury and the . . . challenged conduct;
8  and (3) a substantial likelihood that the requested relief will redress or prevent the injury."
9  *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987) (citations omitted).

10 Plaintiff asserts that he was an active student when he filed his complaint in January
11 of 2008. Dkt. #40 at 2. But whether he was a student at that time does not mean that he
12 retains a cognizable personal interest in the continued operation of the policy throughout this
13 litigation. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 212-13
14 (2000) ("A court may not proceed to hear an action if, subsequent to its initiation, the dispute
15 loses its character as a present, live controversy of the kind that must exist if [the court is]
16 to avoid advisory opinions on abstract propositions of law.") (internal quotes and citation
17 omitted). Plaintiff also states that Defendant "does not have a rule prohibiting students from
18 taking more than the required 44+ units, should they desire." Dkt. #40 at 2. But Plaintiff has
19 not alleged that he has any plans to take more classes. *See City News & Novelty, Inc. v. City*
20 *of Waukesha*, 531 U.S. 278, 279 (2001) ("a live controversy is not maintained by
21 speculation"). Because he is no longer a student, Plaintiff is not suffering or threatened with
22 any distinct and palpable injury that would be addressed or redressed by an injunction.

23 The prudential limitations on standing require a plaintiff to "assert his own legal rights
24 and interests[.]" *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Accordingly, a plaintiff "cannot
25 rest his claim to relief on the legal rights or interests of third parties." *Id*. Without a
26 sufficient personal stake in the continued application of the policy, Plaintiff's prayer for an
27 injunction amounts to an attempt to protect the rights of other individuals with disabilities.
28

1  This does not satisfy the prudential dimensions of standing contemplated by the Supreme
2  Court in *Warth*.

3  The Court finds that Plaintiff lacks standing to seek an injunction proscribing
4  Defendant from applying the academic policy to any and all individuals with disabilities who
5  may enroll in its classes. *See Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1020 (9th Cir.
6  2002) (holding that a plaintiff lacked standing to obtain an injunction where the plaintiff
7  "cannot demonstrate a real or immediate threat that the College will again subject her to
8  discrimination" because the plaintiff "has since graduated from the College, and has not
9  alleged that she plans to return as a student").

### B. Breach of Contract.

The proposed amended complaint alleges that Defendant offered to let Plaintiff take a required statistics course at another accredited university, an offer which Plaintiff accepted, and that Defendant subsequently breached this contract by directing Plaintiff to take that course at Regent University. *See* Dkt. #30 at 11. Plaintiff seeks damages for the difference in tuition that he paid at Regent University for completing the required course and the lower tuition he would have paid had he taken the course at the University of Phoenix. *Id.*

Defendant argues that a valid contract did not exist. *See* Dkt. #39 at 8-11. In particular, Defendant suggests that the alleged offer was merely presented as an "option" to allow Plaintiff to continue with his course work, and Defendant did not receive any consideration separate and apart from the tuition that was due in any event for his degree program. *See id.* The Court does not agree.

"For an enforceable contract to exist, there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Rogus v. Lords*, 804 P.2d 133, 135 (Ariz. App. 1991). "To make an offer is simply '[t]o bring to or before; to present for acceptance or rejection; to hold out or proffer; to make a proposal to; to exhibit something that may be taken or received or not.'" *Tallent v. Nat'l Gen. Ins. Co.*, 915 P.2d 665, 666-67 (Ariz. 1996) (quoting Black's Law Dictionary 1081 (6th ed.1990)). "Consideration" is defined as "a benefit to the promisor or a loss or

- 4 -

1  detriment to the promisee." *K-Line Builders v. First Fed. Sav. & Loan Ass'n*, 677 P.2d 1317,
2  1320 (Ariz. App. 1983). In other words, "there is no consideration for a promise where no
3  benefit is conferred on the promisor or a detriment suffered by the promisee." *Id*.

4  Here, Plaintiff describes the offer not as an option, but as a "promise" made
5  affirmatively by Defendant whereby Defendant would permit Plaintiff to take a course at the
6  University of Phoenix and, in exchange, Plaintiff would settle a formal complaint he had
7  filed against Defendant with the U.S. Department of Education and Regent University's
8  crediting agency. *See* Dkt. #40 at 3-5. As Plaintiff has alleged that he agreed to settle the
9  complaint based on the promise, Plaintiff has alleged that Defendant received a benefit that
10 constitutes consideration. *See id*.

11 Plaintiff has alleged facts that state a claim for breach of contract. The Court cannot
12 find that the proposed amendment on this claim would be futile. *See Miller*, 845 F.2d at 214.

13 **C.    Retaliation.**

14 The proposed amended complaint appears to state that Plaintiff was retaliated against
15 for seeking an accommodation for his disability and then objecting to how his grievances
16 regarding the denial of accommodations were handled by Defendant. *See* Dkt. #30 at 15-18.
17 The retaliatory measures seem to include being denied an accommodation and denied certain
18 elective courses, and receiving coercive, threatening, and intimidating communications from
19 Defendant. *See id*. at 16-18. Defendant contends that Plaintiff's description of retaliation
20 is so unclear as to constitute a failure to state a claim. Dkt. #39 at 11.

21 Plaintiff is proceeding *pro se*. The Supreme Court has made clear that federal courts
22 are "to liberally construe the 'inartful pleading' of *pro se* litigants." *Eldridge*, 832 F.2d at
23 1137 (citation omitted). In light of this instruction, the Court believes that a retaliation cause
24 of action can be extracted from Plaintiff's proposed amended complaint and can be further
25 clarified, as needed, through discovery. The Court is unwilling to find that Plaintiff has
26 failed to state a claim for retaliation.

27 Defendant further argues that the only negative decisions that can be alleged to be
28 attributable to Plaintiff's protected activities are the denial of his requests to take elective

1 courses, which Defendant contends are insufficient to constitute "adverse actions" under the
2 Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. *See* Dkt. #39 at 12-14.
3 Generally, an "adverse action" is one that is reasonably likely to deter an individual from
4 engaging in a protected activity. *See Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000);
5 *see also Brown v. City of Tucson*, 336 F.3d 1181, 1186-87 (9th Cir. 2003) (explaining that
6 while *Ray* examined adverse actions under Title VII of the Civil Rights Act, 42 U.S.C. §
7 2000e *et seq*., this framework applies to ADA retaliation claims as well).  Defendant
8 contends that Plaintiff was not deterred by Defendant's denial of his requests to enroll in
9 certain elective courses because he "made multiple requests to take elective courses, even
10 after he had been denied such permission," and he "continued taking courses at Regent,
11 despite the denials[.]" Dkt. #39 at 13.

12 The Ninth Circuit takes "an expansive view" of the type of actions that may be
13 considered adverse actions. *Ray*, 217 F.3d at 1241.  Even assuming that the denials of the
14 elective courses are the only negative decisions cognizable in this case, Plaintiff states that
15 he had no choice but to keep trying to enroll in elective classes and to take other classes – he
16 needed the elective courses in order to obtain enough credits to graduate. *See* Dkt. #40 at 9
17 ("14 units required for graduation must be selected from 'elective' classes."). In other words,
18 Plaintiff indicates that the courses in question were not "elective" in the sense that they were
19 altogether unnecessary. While specific elective courses may not have been required, taking
20 some elective courses to amass enough credits to graduate was. The Court is unwilling to
21 accept Defendant's suggestion that only giving up under these circumstances would
22 demonstrate that an actionable adverse action is present.

23 Finally, Defendant argues that there is no causal connection between the protected
24 activity and alleged adverse action against Plaintiff. *See* Dkt. #39 at 13-14. In particular,
25 Defendant asserts that the proposed amended complaint "do[es] not *demonstrate* that the
26 alleged adverse actions occurred sufficiently 'closely' in time to satisfy the causation
27 element[.]" *Id*. (emphasis added).  This attack may be appropriate for summary judgment,
28 but at this stage of the litigation Plaintiff need only "be able to state a claim." *McCartin*, 674

- 6 -

F.2d at 1321. Plaintiff has stated a claim for retaliation. Whether he has evidence to prove that claim, including the element of causation, will be addressed through summary judgment practice or trial.

**IT IS ORDERED**:

1. Plaintiff's motion to amend (Dkt. #31) is **granted in part**.
2. Plaintiff is ordered to file, by **September 5, 2008**, an amended complaint that does not contain the prayer for injunctive relief. The proposed amended complaint must be identical in all other respects to the lodged complaint (Dkt. #30). Plaintiff should also recognize that any claim contained in his original complaint and not restated in full in his amended complaint will be deemed waived.

DATED this 22nd day of August, 2008.

David G. Campbell
United States District Judge