**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alvin Ray Yount, | ) | No. CV 08-8011-PCT-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Regent University, | ) | |
| Defendant. | ) | |

The Court is called upon to determine whether Defendant Regent University's policy requiring students to have completed 75% of their course work before requesting an extension of time as a reasonable accommodation, on its face, discriminates against individuals with disabilities as a matter of law. Plaintiff Alvin Ray Yount believes that it does, and has filed a motion for partial summary judgment on this question.[1] Dkt. #23. For the reasons that follow, the Court will deny the motion.[2]

---

[1] The Court's Case Management Order states that no party may file more than one motion for summary judgment without leave of court. Dkt. #22, ¶ 7(b). Plaintiff therefore may not file an additional motion for summary judgment without first obtaining the permission of the Court as required in paragraph 7(b) of the order.

[2] Defendant's request for oral argument is denied because the parties have fully briefed the motion and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir.1999).

**I.     Background.**

Plaintiff was a student in an online graduate degree program offered by Defendant. He claims to be disabled within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* In February of 2006, Plaintiff, citing a "recent medical condition," requested incomplete grades in his courses for the semester, including a course administered by Regent University's School of Communications and the Arts. Dkt. #23, Ex. F. Dr. Norman C. Mintle, an associate dean of the school, denied the request, explaining that "[a]n incomplete is given when 75% or more of class work has been completed in a course." Dkt. #35 at ¶ 5.

Plaintiff filed suit, claiming discrimination on the basis of his disability in violation of the ADA and the Rehabilitation Act. *See* Dkt. #1. The complaint alleges, in part, that Defendant discriminated against him by invoking this 75% policy and refusing to grant him an incomplete grade. *See id.* at 2-3.

Plaintiff now seeks a summary judgment declaring that Defendant's "75 percent course completion policy before granting handicap[ped] students extra time to complete course work violates federal statutes." Dkt. #23 at 1. Defendant has filed a response (Dkt. #34) and Plaintiff a reply (Dkt. #37).[3]

In his reply, Plaintiff clarifies that he is asserting a facial challenge to the policy. *See* Dkt. #37 at 3 ("Plaintiff's view is that requiring ALL disabled students to have first completed 75 percent of course-work before offering accommodations . . . is in violation of federal statutes.") (capitalization in original); *id.* at 15 ("Plaintiff's position is to ensure that Regent University never again enforces this policy against handicapped students."); *id.* at 4 (the motion only challenges Defendant's "blanket" approach of "applying this policy across the board to every student," including students with disabilities); *id.* at 5 (same). The parties, however, address issues particular to Plaintiff's situation, including whether he is a qualified

---

[3]The parties are reminded to comply with the font-size requirements established in the Court's local rules. *See* L. R. Civ. 7.1(b). The text and footnotes of the parties' papers violate these rules.

- 2 -

1  individual with a disability and whether he accepted a reasonable accommodation. *See*
2  Dkt. ##34, 37. Based on Plaintiff's reply, the Court has not been asked resolve legal disputes
3  specifically tied to Plaintiff's circumstances. *See* #37 at 7 (the motion "is not about the
4  Plaintiff, it is about the School of Communication's 75 percent completion policy"); *id.* at
5  15 (the motion "has nothing whatsoever to do with Plaintiff's own Incomplete grades."). The
6  Court's role therefore is limited to resolving whether the 75% policy is facially invalid.

**II.    Legal Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**III.   Analysis.**

**A.    Timeliness of Defendant's Response.**

As a preliminary matter, Plaintiff alleges that Defendant's response is untimely and should not be considered by the Court. *See* Dkt. #37 at 3. Plaintiff's certificate of service indicates that he mailed the motion for partial summary judgment to Defendant on June 24, 2008. Dkt. #25. The thirty-day deadline for a response ordinarily would be July 25, 2008, but as service was effected under Rule 5(b)(2)(C), Defendant had an additional three days within which to respond. *See* LRCiv 6(d). The response filed on July 28, 2008 is not untimely.

**B.    Standing.**

1    As the Court noted in a previous order, Plaintiff lacks standing to raise a claim that
2 the 75% policy discriminates against any and all individuals with disabilities because there
3 is no allegation that Plaintiff is a Regent University student or that he has plans to continue
4 his studies there.  *See* Order dated August 22, 2008; *see also LSO, Ltd. v. Stroh*, 205 F.3d
5 1146, 1155 (9th Cir.2000) (for standing to exist, there must be "a credible threat that the
6 challenged provision will be invoked against the plaintiff."); *Younger v. Harris*, 401 U.S. 37,
7 42 (1971) ("persons having [only] imaginary or speculative [fears of prosecution], are not
8 to be accepted as appropriate plaintiffs.").  Plaintiff therefore may not maintain a claim that
9 the policy is impermissible on its face.

10    Moreover, whether Plaintiff is a qualified individual with a disability under the ADA
11 or the Rehabilitation Act is a fact disputed by the parties.  *See, e.g.,* Dkt. #34 at 14; #37 at 5.
12 Accordingly, even if Plaintiff was a student or had the intention of studying at Regent
13 University, it is not settled as a matter of law that Plaintiff is disabled and therefore may be
14 subject to the policy as an individual with a disability.  *See Babbitt v. United Farm Workers*
15 *Nat. Union*, 442 U.S. 289, 298 (1979) ("A plaintiff who challenges a statute must
16 demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation
17 or enforcement.") (citation omitted).  As a result, the Court cannot determine at this stage that
18 Plaintiff has standing to secure a summary judgment from the Court holding Defendant's
19 policy facially invalid.

20    **C.    Facial Challenge.**

21    Even assuming that Plaintiff has standing, Plaintiff has not made a showing that the
22 policy on its face contravenes the ADA and/or the Rehabilitation Act.  A party asserting a
23 facial challenge to a legislative act or other policy faces a "high burden."  *Sprint Telephony*
24 *PCS, L.P. v. County of San Diego*, 490 F.3d 700, 711 (9th Cir. 2007).  In order to prevail, a
25 plaintiff generally must demonstrate that there are "no set of circumstances" under which the
26 act or policy would be valid.  *U.S. v. Salerno*, 481 U.S. 739, 745 (1987).

27    For example, in *Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002), the Ninth Circuit
28 held that the state of Hawaii's categorical exclusion of individuals with disabilities from

- 4 -

1 participating in a healthcare program was facially discriminatory because there were no
2 circumstances under which individuals with disabilities as a class could take part in the
3 programs. Similarly, in *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch*,
4 179 F.3d 725 (9th Cir. 1999), the Ninth Circuit suggested that an ordinance prohibiting the
5 operation of methadone clinics within 500 feet of residential areas may be *per se*
6 discriminatory because operators of the clinic were categorically excluded from the
7 established radius. In *Townsend v. Quasim*, 328 F.3d 510 (9th Cir. 2003), the Ninth Circuit
8 found problematic a state waiver program providing integrated care for individuals with
9 disabilities falling below a certain income level and keeping individuals with disabilities with
10 a higher income level institutionalized because the categorical exclusion of some individuals
11 with disabilities from integrated care could be facially discriminatory. And, in *Crowder v.*
12 *Kitagawa*, 81 F.3d 1480 (9th Cir.1996), the Ninth Circuit ruled that a Hawaii policy requiring
13 all animals entering the state to be quarantined was facially discriminatory because it
14 provided no exceptions for individuals with disabilities in need of guide dogs.

15 In this case, by contrast, the Court cannot say that the 75% policy categorically
16 excludes individuals with disabilities from receiving an accommodation for a disability or
17 that it disproportionately burdens the needs of individuals with disabilities. Plaintiff has
18 failed to present undisputed evidence that Defendant would in every case deny extended time
19 to an individual with a disability. The record before the Court at this point can be read to
20 indicate, at most, that one student may have been denied a request for an incomplete grade.
21 As noted above, Defendant contests whether Plaintiff is disabled in the first place.
22 Accordingly, the Court is unable to find, based on undisputed facts, that Plaintiff's disability
23 was the reason for the denial or that the policy would never be disregarded in order to
24 accommodate a student with a disability. The Court therefore cannot hold as a matter of
25 summary judgment that the 75% policy violates the ADA and/or the Rehabilitation Act.

26
27
28

1  **IT IS ORDERED** that Plaintiff's motion for partial summary judgment (Dkt. #23)
2  is **denied**.
3  DATED this 22nd day of August, 2008.

David G. Campbell
United States District Judge